

FILED

AUG 19 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
    DEPUTY CLERK

# CIVIL RIGHTS COMPLAINT

## UNITED STATES DEPARTMENT OF JUSTICE

## CIVIL RIGHTS DIVISION

**COMPLAINT NUMBER:** [To be assigned by DOJ]

**JURISDICTION:** Eastern District of California (Sacramento Division)

---

## I. FILING INFORMATION

2:25-CV-2364 DJC CKD (PS)

**COMPLAINANT:**

Asya Weston

**RESPONDENTS:**

1. WIP 800 J Lofts, a California Limited Partnership
2. Calvin Clements III
3. Lisa Cook
4. Maher Rashid
5. Leslie Salvador

**DATE FILED:** [CURRENT DATE]

**CONFIDENTIALITY REQUESTED:** Yes

---

## II. JURISDICTIONAL ALLEGATIONS

1. This complaint is filed pursuant to the authority vested in the United States Department of Justice, Civil Rights Division, to investigate and pursue civil rights violations under federal law.

2. This Department has jurisdiction over this matter pursuant to:

   a. 28 U.S.C. § 1331, which provides federal question jurisdiction over claims arising under the Constitution, laws, or treaties of the United States;

   b. 28 U.S.C. § 1343, which provides jurisdiction over civil rights claims;

   c. 42 U.S.C. §§ 3601-3619 (Fair Housing Act);

   d. 42 U.S.C. § 1983 (Civil Rights Act of 1871);

  e. 18 U.S.C. § 1962 (Racketeer Influenced and Corrupt Organizations Act); and

  f. 18 U.S.C. § 1503 (Obstruction of Justice).

3. Venue is proper in the Eastern District of California because:

  a. The property at issue is located within this district;

  b. A substantial part of the events or omissions giving rise to the claims occurred within this district; and

  c. All named Respondents reside, conduct business, or can be found within this district.

4. The discriminatory housing practices alleged herein occurred within the past 180 days, making this complaint timely filed.

5. Complainant has previously attempted to resolve this matter by filing complaints with local and state agencies but requires federal intervention due to the severity and ongoing nature of the violations.

## III. PARTIES

**A. Complainant**

6. Complainant Asya Weston is an adult individual and a citizen of the United States, residing in Sacramento, California.

7. Complainant is a member of a protected class under federal civil rights laws based on race, color, and/or national origin.

8. Complainant can be contacted at:

  – Phone: 323-607-2207

  – Email: legallywest@outlook.com

  – Mailing Address: [To be completed] *email*  *800 J St # 414 Sac CA 95814*

**B. Respondents**

9. Respondent WIP 800 J Lofts, a California Limited Partnership ("WIP 800 J Lofts"), is a business entity organized and existing under the laws of the State of California, with its principal place of business in Sacramento, California. WIP 800 J Lofts owns, operates, and manages the residential property located at 800 J Street, Sacramento, CA 95814.

10. Respondent ~~Calvin Clements III~~ *Patrick Crowell* is an individual who, upon information and belief, is an owner, manager, agent, or employee of WIP 800 J Lofts, and who participated in, authorized, directed, or had knowledge of the discriminatory conduct alleged herein.

Page 2

11. Respondent Lisa Cook is an individual who, upon information and belief, is an owner, manager, agent, or employee of WIP 800 J Lofts, and who participated in, authorized, directed, or had knowledge of the discriminatory conduct alleged herein.

12. Respondent Maher Rashid is an individual who, upon information and belief, is an owner, manager, agent, or employee of WIP 800 J Lofts, and who participated in, authorized, directed, or had knowledge of the discriminatory conduct alleged herein.

13. Respondent Leslie Salvador is an individual who, upon information and belief, is an owner, manager, agent, or employee of WIP 800 J Lofts, and who participated in, authorized, directed, or had knowledge of the discriminatory conduct alleged herein.

14. At all times relevant to this complaint, Respondents were acting as agents, servants, employees, partners, or joint venturers of each other, and were acting within the course and scope of their agency, employment, or joint venture.

## IV. STATEMENT OF CLAIMS

### COUNT I: VIOLATIONS OF THE FAIR HOUSING ACT

*(42 U.S.C. §§ 3601-3619)*

15. Complainant incorporates by reference all preceding paragraphs as if fully set forth herein.

16. The Fair Housing Act, 42 U.S.C. §§ 3601-3619, prohibits discrimination in housing on the basis of race, color, national origin, religion, sex, familial status, and disability.

17. Complainant is a member of a protected class under the Fair Housing Act based on race, color, and/or national origin.

18. Respondents have violated federal fair housing law by:

    a. Making housing unavailable to Complainant because of race, color, and/or national origin;

    b. Discriminating against Complainant in the terms, conditions, or privileges of rental of a dwelling because of race, color, and/or national origin; and

    c. Making, printing, or publishing statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on race, color, and/or national origin.

19. Respondents have violated the Fair Housing Act by coercing, intimidating, threatening, or interfering with Complainant's exercise or enjoyment of rights granted or protected by the Fair Housing Act, including but not limited to:

    a. Deactivating Complainant's tenant portal to prevent timely rent payments;

    b. Falsifying documents regarding Complainant's payment history;

    c.    Entering Complainant's apartment without proper notice;

    d.    Threatening eviction without legitimate cause;

    e.    Misplacing or delaying Complainant's rent payments to create a false record of late payments;

    f.    Charging unlawful fees without court authorization; and

    g.    Illegally locking Complainant out of her dwelling without proper notice or court order.

20. Respondents' actions constitute retaliation against Complainant for exercising her rights under the Fair Housing Act.

21. Respondents' actions have resulted in constructive eviction of Complainant from her dwelling.

**COUNT II: VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

*(Due Process and Equal Protection)*

22. Complainant incorporates by reference all preceding paragraphs as if fully set forth herein.

23. 42 U.S.C. § 1983 provides that any person who, under color of any statute, ordinance, regulation, custom, or usage of any State, subjects any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured.

24. Respondents, acting under color of state law through their use and manipulation of the judicial eviction process, have deprived Complainant of rights secured by the Constitution and laws of the United States, including but not limited to:

    a.    The right to due process under the Fourteenth Amendment to the United States Constitution;

    b.    The right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution; and

    c.    The right to fair housing under federal law.

25. Respondents' violations of Complainant's constitutional and statutory rights include, but are not limited to:

    a.    Denying Complainant a fair hearing in eviction proceedings;

    b.    Suppressing Complainant's right to appeal adverse decisions;

    c.    Evicting Complainant without proper notice or opportunity to be heard;

    d.    Discriminating against Complainant in fee waiver applications based on her pro per status and/or race;

  e. Treating Complainant differently than similarly situated tenants who are not members of a protected class; and

  f. Targeting Complainant, a Black woman with a student daughter, for harassment and eviction.

## COUNT III: VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

*(18 U.S.C. § 1962)*

26. Complainant incorporates by reference all preceding paragraphs as if fully set forth herein.

27. The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, prohibits persons from engaging in a pattern of racketeering activity or collection of unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise engaged in interstate commerce.

28. Respondents have engaged in a pattern of racketeering activity by committing multiple related acts of:

a. Mail fraud by using the U.S. mail to send fraudulent notices, statements, and legal documents;

b. Wire fraud by using electronic communications to further their fraudulent scheme;

  c. Obstruction of justice, in violation of 18 U.S.C. § 1503, by interfering with judicial proceedings; and

c. Witness tampering by attempting to prevent Complainant from presenting evidence in legal proceedings.

29. Respondents' racketeering activities include, but are not limited to:

  a. Fraudulently manipulating tenant ledgers to create false records of non-payment;

  b. Filing fraudulent legal documents in eviction proceedings;

  c. Coordinating with each other to present false testimony and evidence in court;

  d. Engaging in a conspiracy to deprive Complainant of her housing rights; and

  e. Establishing a pattern of similar conduct against other tenants who are members of protected classes.

## COUNT IV: OBSTRUCTION OF JUSTICE

*(18 U.S.C. § 1503)*

30. Complainant incorporates by reference all preceding paragraphs as if fully set forth herein.

31. 18 U.S.C. § 1503 prohibits corruptly endeavoring to influence, obstruct, or impede the due administration of justice.

32. Respondents have obstructed justice by:

    a. Interfering with Complainant's right to appeal adverse decisions in housing court;

    b. Committing perjury in judicial proceedings related to Complainant's tenancy;

    c. Misleading the court by withholding crucial information in the unlawful detainer case;

    d. Submitting falsified documents to the court; and

    e. Engaging in a coordinated effort to prevent Complainant from obtaining fair adjudication of her housing rights.

33. Respondents' obstruction of justice has caused Complainant to suffer deprivation of her legal rights and remedies, resulting in significant harm.

## V. FACTUAL ALLEGATIONS

34. Complainant Asya Weston is a Black woman who resides with her student daughter at 800 J Street, unit #414, Sacramento, CA 95814 (the "Property").

35. Complainant entered into a valid lease agreement with Respondent WIP 800 J Lofts for the rental of the Property.

36. Complainant has consistently attempted to fulfill her obligations under the lease agreement, including making timely rent payments.

37. In or around April 2024, Respondents began a campaign of harassment and discrimination against Complainant, beginning with the deactivation of Complainant's tenant portal, which was the primary method for making rent payments.

38. After deactivating the tenant portal, Respondents made it exceptionally difficult for Complainant to make timely rent payments by:

    a. Refusing to provide alternative payment methods;

    b. Failing to provide clear instructions for submitting payments;

    c. Losing or misplacing money orders submitted by Complainant;

    d. Holding Complainant's payments for weeks before processing them; and

    e. Falsely claiming that payments were late or insufficient.

39. In or around June 2024, Respondents escalated their discriminatory conduct by:

    a. Entering Complainant's apartment without proper notice when they believed she was at work;

    b. Threatening eviction without legitimate cause;

    c. Falsifying documents stating non-payment as the reason for filing an unlawful detainer action, while verbally telling Complainant it was a "payment arrangement"; and

    d. Charging unlawful eviction fees to Complainant's account without a court order of eviction.

40. Respondents' conduct has continued through the present, culminating in an illegal lockout on or about August 7, 2024, when Respondents changed the locks on Complainant's unit without providing the legally required 5-day notice and without obtaining a court order for eviction.

41. Throughout this period, Respondents have engaged in a pattern of retaliation against Complainant for asserting her legal rights, including:

    a. Escalating harassment after Complainant questioned the legality of their actions;

    b. Increasing punitive fees and charges after Complainant sought legal assistance;

    c. Accelerating eviction efforts after Complainant filed complaints with local agencies; and

    d. Illegally locking Complainant out of her unit to prevent her from gathering evidence of their misconduct.

42. Respondents' actions appear to be motivated by discriminatory animus based on Complainant's race, color, and/or national origin, as evidenced by:

    a. Disparate treatment compared to non-Black tenants;

    b. Targeting of Complainant, a Black woman with a student daughter;

    c. Use of pretextual reasons for adverse actions; and

    d. Pattern of escalating harassment in response to Complainant's assertion of her legal rights.

43. Respondents' conduct has been coordinated among multiple individuals and entities, demonstrating a conspiracy to deprive Complainant of her housing rights.

44. Respondents have engaged in similar conduct against other tenants who are members of protected classes, establishing a pattern and practice of discrimination.

## VI. RELIEF REQUESTED

45. Complainant respectfully requests that the Department of Justice investigate this complaint and provide the following relief:

### A. Monetary Damages

46. Complainant seeks monetary damages in the total amount of $1,100,000.00, broken down as follows:

    a. $250,000.00 for economic damages, including:

        i. Lost rent payments and security deposits;

        ii. Moving and relocation costs;

        iii. Storage fees for personal property;

        iv. Increased housing costs;

        v. Lost wages due to time spent addressing housing issues; and

        vi. Other out-of-pocket expenses directly resulting from Respondents' unlawful conduct.

    b. $500,000.00 for non-economic damages, including:

        i. Emotional distress, anxiety, and mental anguish;

        ii. Loss of enjoyment of life;

        iii. Humiliation and damage to reputation; and

        iv. Physical manifestations of stress and anxiety.

    c. $350,000.00 for punitive damages to punish Respondents for their willful, malicious, and reckless disregard for Complainant's federally protected rights.

### B. Injunctive Relief

47. Complainant seeks injunctive relief, including:

    a. An order prohibiting Respondents from engaging in further discriminatory conduct;

    b. An order requiring Respondents to implement comprehensive fair housing training for all employees, agents, and representatives;

    c. An order requiring Respondents to develop and implement written policies and procedures to prevent discrimination and retaliation;

    d. An order requiring Respondents to maintain records of all housing applications, complaints, and adverse actions for a period of at least five years;

    e. An order requiring Respondents to submit to monitoring and reporting requirements to ensure compliance with fair housing laws; and

    f. An order requiring Respondents to post notices informing all tenants and prospective tenants of their rights under federal fair housing laws.

### C. Declaratory Relief
48. Complainant seeks a declaratory judgment that Respondents' actions violated:

    a. The Fair Housing Act, 42 U.S.C. §§ 3601-3619;

    b. The Civil Rights Act of 1871, 42 U.S.C. § 1983;

    c. The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962; and

    d. Federal obstruction of justice laws, 18 U.S.C. § 1503.

### D. Attorney's Fees and Costs
49. Complainant seeks an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable fee-shifting provisions.

---

## VII. EVIDENCE DOCUMENTATION
50. Complainant possesses the following evidence to support the allegations in this complaint:

### A. Documentary Evidence
51. Written documents, including:

    a. Lease agreement and amendments;

    b. Rent payment receipts and records;

    c. Correspondence with Respondents regarding tenancy issues;

    d. Notices received from Respondents;

    e. Court filings from the unlawful detainer case;

    f. Records of complaints filed with local and state agencies; and

    g. Medical records documenting physical and emotional distress resulting from Respondents' conduct.

### B. Electronic Evidence
52. Electronic evidence, including:

    a. Screenshots of tenant portal access issues;

    b. Email communications with Respondents;

    c. Text message communications with Respondents;

    d. Voicemail recordings from Respondents; and

    e. Photographs of the Property and any damage or alterations made by Respondents.

### C. Witness Information
53. Potential witnesses who can corroborate Complainant's allegations, including:

    a. Family members who observed the effects of Respondents' conduct;

    b. Neighbors who witnessed Respondents' actions;

    c. Service providers who assisted Complainant during this period; and

    d. Medical professionals who treated Complainant for conditions resulting from Respondents' conduct.

### D. Academic Records

54. Academic records demonstrating the impact of Respondents' conduct on Complainant's student daughter's educational performance and well-being.

55. Complainant is prepared to provide all evidence to the Department of Justice upon request and has taken steps to preserve all relevant evidence.

## VIII. CONFIDENTIALITY REQUEST AND CONTACT INFORMATION

56. Pursuant to Department of Justice Civil Rights Division procedures, Complainant requests that her identity be kept confidential to the extent possible during the investigation of this complaint.

57. Complainant acknowledges that complete confidentiality cannot be guaranteed, particularly if formal legal proceedings are initiated.

58. Complainant requests that all communications regarding this complaint be directed to her via email at legallywest@outlook.com, which is her preferred method of contact for document sharing and updates.

59. Complainant can also be reached by telephone at 323-607-2207 during business hours.

60. Complainant does not require any accessibility accommodations for participation in the complaint process.

## IX. CERTIFICATION AND SIGNATURE

61. I, Asya Weston, hereby certify under penalty of perjury that the information provided in this complaint is true and correct to the best of my knowledge, information, and belief.

62. I understand that filing a false complaint may subject me to civil and criminal penalties.

63. I authorize the Department of Justice Civil Rights Division to investigate the allegations contained in this complaint and to contact me for additional information as needed.

Dated: [CURRENT DATE] 8/19/25

Respectfully submitted, *Aweston*

Asya Weston, Complainant

Name: Asya Weston
Street Address: 800 J. St #414
City and County: Sac. CA 95814
State and Zip Code: Sac County
Telephone Number: 323.607.2207

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

Asya Weston
Corinne Marshall

(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-against-

WIP 800 J Lofts, a California LP - Lisa Cook, Maher Rashid, All Attorneys

(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

- Patrick Crowl
- Clerks names unknown
- Representatives names unknown

**Complaint for Violation of Civil Rights** - 42 U.S.C. §1985
(Non-Prisoner Complaint)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial: ☒ Yes ☐ No
(check one)

2. Conspiracy to Interfere w/ Civil Rights - 42 U.S.C § 1985

3. Fraud upon the Court and Obstruction of Justice

4. Fair Housing Act Violations - 42 U.S.C. § 3601 et seq

5. Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968

(if known)
Street Address          _____
City and County         _____
State and Zip Code      _____
Telephone Number        _____
E-mail Address          _____
(if known)

☐ Individual capacity        ☐ Official capacity

**II. Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)
☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

(1) 42 U.S.C § 1985 - Conspiracy to interfere with Civil rights (2) 42 U.S.C § 3613 - Fair Housing Act (3) 18 U.S.C §§ 1961-1968 - (4) 28 U.S.C § 1343(a)(3)-(4) (5) 18 U.S.C. § 1946(c)

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

no
_____
_____

④

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. — Denial of Access

Judge Brenda Dabney + Clerk of Courts
Civil rights violations by ~~state~~
private attorneys under color of state law
* Denial of Due Process *

III. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

1. At my place of residence: 800 J St #414 Sac, CA 95814

B. What date and approximate time did the events giving rise to your claim(s) occur?

From 6/2024 - Present. Long fight for my civil rights to be upheld. Constant acts of judicial misconduct + fraud

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1. Aug. 7. 2025 - Defendants executed an illegal lockout on a fraudulent UD case
2. Denied due process & fair hearing on 8/5/25 Judge Brenda Dabney
3. Denied equal protection of law after consistent requests for legal intervention

4. Defendants acts were intentional, malicious and carried out with reckless disregard for Plaintiffs
— Constitutional — Civil — tenant — and as a woman of color

5. Denied my due process of law guaranteed by the 14th Amendment — Judge Dabney cut off my motion to vacate hearing in less than 10 min. without allowing me to submit + bring forth the fraudulent / falsified documents, failing to report payment, threats, bullying, intimidation — when trying to exercise my rights to Due Process, access to Courts, + failed to acknowledge or consider the evidence of fraud.

defendant + their attorneys conspiracy through UD courts - failed to present evidence of money mishandling, false reports + documents of the unlawful detainer filed through the courts. Defendant did not disclose to the courts the fraud and misconduct of maher Rashid who initiated the unlawful detainer in July 2024 under false/fabricated pretenses

### IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

1. Plaintiffs lost housing + shelter due to illegal lock out 8/7/25
2. Plaintiff denied access to essential + medications from displacement
3. Plaintiffs Constitutional rights to due process, equal protection, + access to courts violated
4. Plaintiffs suffered emotional distress, anxiety, financial harm, + loss of stability
5. Defendants actions were: intentional, malicious, unlawful, and crooked in court of law.

### V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1. Temporary Restraining Order + Preliminary Injunction staying the lockout, protecting plaintiffs belongings + supervised access
2. Compensatory damages: loss of housing/emotional distress
3. Punitive damages
4. Statutory Damages under Fair Housing Act + Civil Code §789.3
5. Treble damages under RICO (18 USC §1964)
6. Attorney's fees + cost under 42 U.S.C §1988

7. Emotional Distress:

⑥

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Aug. 19, 20 25

Signature of Plaintiff   Asya Weston Arnold

Printed Name of Plaintiff   Asya West