UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASYA WESTON,<br><br>        Plaintiff,<br><br>    v.<br><br>WIP 800 J LOFTS, et al.<br><br>        Defendants. | No.  2:25-cv-02364-DJC-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

On August 20, 2025, plaintiff Asya Weston filed an ex parte motion for a temporary restraining order. (ECF No. 3.) Because plaintiff proceeds without counsel, this matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's ex parte motion is appropriate for decision without oral argument within the meaning of Local Rule 230(g). For the reasons set forth below, the motion should be denied.

**I.       Relevant Procedural Background**

Plaintiff Asya Weston[1] initiated this action on August 19, 2025, by filing a Complaint and a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) Plaintiff alleges violations of the Fair

---

[1] It is unclear whether there are one or two plaintiffs in this action. Plaintiff Asya Weston is the only plaintiff who signed the Complaint. (See ECF No. 1 at 10, 17.) However, Corinne Marshall is also listed as a plaintiff in the Complaint and the motion for temporary restraining order. (ECF No. 1 at 12; ECF No. 3 at 1.) All plaintiffs must physically sign the Complaint. See Fed. R. Civ. P. 11; Local Rule 131. If Corinne Marshall is a plaintiff in this case, the plaintiffs must refile a copy of the Complaint physically signed by both Asya Weston and Corinne Marshall.

1

Housing Act, due process and equal protection clauses under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act, and obstruction of justice against defendants WIP 800 J Lofts, Patrick Crowl, Lisa Cook, Maher Rashid, and Leslie Salvador. (ECF No. 1.)

On August 20, 2025, plaintiff Weston filed the motion presently before the court. (ECF No. 3.) Plaintiff Weston seeks a temporary restraining order to vacate an "unlawful lockout executed on August 7, 2025" due to a state court unlawful detainer action (Case No. 24UD000805). (See ECF No. 3 at 1-2.) Plaintiff states she filed an appeal in the Sacramento Superior Court case on August 5, 2025, but on August 7, 2025, the Sacramento County Sheriff executed a writ of possession on her property. (Id. at 2.) Plaintiff states that on August 18, 2025, a temporary restraining order application was denied in the state court action. (See id.) Plaintiff also alleges on August 20, 2025, the Superior Court denied her relief again. (Id.) Plaintiff states that she has lost access to hypertension medication, risking a stroke, and Marshall, who is 18, has suffered asthma attacks, missed classes, and had emotional breakdowns. (Id.) Plaintiff seeks the issuance of a temporary restraining order vacating the August 7, 2025, lockout and restoring plaintiff's position of the property, an order allowing supervised access within 48 hours to retrieve essential belongings, an order enjoining defendants from further retaliation, interference or harassment, and a preliminary injunction hearing set within 14 days. (Id. at 3.)

Plaintiff lists two additional claims for relief that are not included in the Complaint: a claim under 42 U.S.C. § 1985 and a claim under the Americans with Disabilities Act ("ADA"). (Id. at 2.)

**II.    Legal Standard**

The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court relies on the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party is (1) "likely to succeed on the merits," (2) "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [its] favor," and (4) "an

2

1  injunction is in the public interest." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008); <u>see also</u> <u>Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Courts within this circuit may also consider a request for a temporary restraining order using a "sliding scale" test in which "a stronger showing of one element may offset a weaker showing of another." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." <u>Where Do We Go Berkeley v. California Dep't of Transp.</u>, 32 F.4th 852, 859 (9th Cir. 2022) (citing <u>Alliance for the Wild Rockies</u>, 632 F.3d at 1135).

However, likelihood of success on the merits is the most important <u>Winter</u> factor, and it is relevant to the court's evaluation of the other factors. See <u>Baird v. Bonta</u>, 81 F.4th 1036, 1044 (9th Cir. 2023). Without showing a likelihood of success on the merits, plaintiff also does not establish that the balance of equities tips in his favor, or that an injunction is in the public interest. See <u>id.</u>; <u>Winter</u>, 555 U.S. at 20-21.

The Eastern District of California's local rules impose specific requirements on those who request a temporary restraining order. <u>See</u> Local Rule 231. Among other things, these rules require "actual notice to the affected party and/or counsel" except in "the most extraordinary of circumstances." Local Rule 231(a). "Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested . . . , and the nature of the relief to be requested." <u>Id.</u>

A court may issue a temporary restraining order "without written or oral notice to the adverse party" only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give

3

notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

When deciding whether to issue a temporary restraining order, the court may rely on declarations, affidavits, and exhibits, among other things. See Johnson v. Couturier, 572 F.3d 1067, 1083 (9th Cir. 2009). This evidence need not conform to the standards that apply at summary judgment or trial. Id.; Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984).

### III.     Analysis

#### A.  Plaintiff's Motion is Procedurally Deficient

As a preliminary matter, plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 65 or Local Rule 231 governing applications for temporary restraining orders. First, plaintiff has not filed a brief on all relevant legal issues presented by the motion. Second, while plaintiff filed a proposed order (ECF No. 3 at 15-6), the proposed order does not contain a provision for a bond, or the amount of the bond, if any, as required by this Court's Local Rules (see Local Rule 231(c)(6)-(7)). Third, the proposed order does not notify the affected party of the right to apply to the Court for modification or dissolution on two days' notice or such shorter notice as the Court may allow. See Local Rule 231(c)(8). Fourth, plaintiff has not filed an "affidavit detailing notice, or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given[.]" Local Rule 231(c)(5). While plaintiff responded in the temporary restraining order checklist that there was notice to the affected party in the state court unlawful detainer case (ECF No. 3-1at 1), plaintiff has not provided an affidavit detailing this notice or describing the efforts plaintiff took to effect notice. The motion for a temporary restraining order is therefore procedurally defective. See Fed. R. Civ. P. 65(b)(1); Local Rule 231.

Courts regularly deny temporary restraining orders for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an ex parte [temporary restraining order"); Abdel-Malak

4

1  v. Doe, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying temporary restraining order

2  sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"). In addition,

3  plaintiff's failure to comply with the Local Rules' requirements for temporary restraining orders

4  is sufficient justification to deny the motion. See Nible v. Macomber, 2024 WL 2133319, at *2

5  (E.D. Cal. May 13, 2024) (denying temporary restraining order sought by pro se plaintiff as

6  procedurally deficient); see, e.g., Tri-Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113,

7  1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is

8  well within a district court's discretion.").

9      Therefore, the Court will recommend denial of the temporary restraining order motion

10 based on these procedural deficiencies

11     **B.  The Court Lacks Authority to Grant a TRO**

12     Plaintiff has also included in her motion two new federal claims pursuant to 42 U.S.C.

13 § 1985 and the ADA. (Compare ECF No. 1 at 3-6, with ECF No. 3 at 2.) "When a plaintiff seeks

14 injunctive relief based on claims not pled in the complaint, the court does not have the authority

15 to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633

16 (9th Cir. 2015). Here, plaintiff is not entitled to injunctive relief pursuant to new claims raised in

17 the motion that were not pled in the Complaint.

18     Therefore, the Court also recommends denial of plaintiff's motion because the Court lacks

19 authority to issue an injunction for a new claim that was not pled in the Complaint. See Pac.

20 Radiation Oncology, 810 F.3d at 633, 636.

21     **C.  Plaintiff Has Not Clearly Shown a Likelihood of Success on the Merits**

22     The Court also examines the first and most important Winter factor: likelihood of success

23 on the merits. Because the first Winter factor of likelihood of success is a threshold inquiry and

24 the most important factor, a "court need not consider the other factors" if a movant fails to show a

25 likelihood of success on the merits. Baird, 81 F.4th at 1040 (citation omitted); see Garcia v.

26 Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). Although pro se pleadings are liberally

27 construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), they are still required to conform

28 to the Federal Rules of Civil Procedure. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995).

1  Plaintiff has not demonstrated likelihood of success on the merits.

2  Plaintiff asks the Court to vacate the allegedly unlawful lockout issued on August 7, 2025 by the state court in an unlawful detainer action (Case No. 24UC000805). (See ECF No. 3 at 1.) The court should abstain from issuing the requested relief in the form of enjoining or continuing the state court unlawful detainer action because this court does not have in rem jurisdiction or custody of the property at issue. See Scherbenske v. Wachovia Mortg., FSB, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009) (abstaining from interfering with state unlawful-detainer action under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976)). Furthermore, under the Anti-Injunction Act, 28 U.S.C. § 2283, a federal court is "barred from enjoining or staying proceedings in state court." Scherbenske, 626 F. Supp. 2d at 1058. The Anti-Injunction Act "is interpreted broadly and includes injunctions directed at the parties rather than the state court itself." Id. (citing Atlantic C.L.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 287 (1970)).

There are statutory exceptions to the Act for (1) injunctions expressly authorized by an act of Congress; (2) injunctions necessary to effectuate the judgment of the federal court; and (3) injunctions necessary in aid of the court's jurisdiction. 28 U.S.C. § 2283. These exceptions are interpreted narrowly. Scherbenske, 626 F. Supp. 2d at 1058 (citing Matter of Federal Shopping Way, Inc., 717 F.2d 1264, 1274 (9th Cir. 1983)). None of the exceptions apply here. See id. at 1059 ("There is no federal statute authorizing a district court to enjoin a state unlawful detainer action."); Atlantic C.L.R. Co., 398 U.S. at 295; Gray v. Bakersfield Parks, LP, No. 1:16-CV-01860-LJO-JLT, 2016 WL 7229112, at *3 (E.D. Cal. Dec. 13, 2016) (second exception "does not apply to stay unlawful detainer actions, especially previously filed state court actions") (citing collected cases); Vendo Co. v. Lektro–Vend Corp., 433 U.S. 623, 641-42 (1977) (third exception "incorporate[es a] historical in rem exception" but does not apply where state court action does not impair or defeat jurisdiction). Accordingly, plaintiff has not demonstrated a likelihood of success on the merits.

////

////

6

### IV. Conclusion and Recommendation

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 3) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 21, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, west.2364.25