1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ASYA WESTON, et al.,                  No.  2:25-cv-02364-DJC-CKD (PS)

12          Plaintiffs,

13      v.                                 ORDER

14   WIP 800 J LOFTS, et al.

15          Defendants.

16

17         Plaintiffs Asya Weston and Corinne Marshall initiated this action on August 19, 2025,

18   with a pro se complaint and a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) On

19   September 5, 2025, plaintiffs filed a first amended complaint ("FAC"). (ECF No. 6.) Pursuant to

20   the Court's order (ECF No. 5), plaintiffs filed renewed motions to proceed in forma pauperis.

21   (ECF Nos. 7, 8.) Because plaintiffs proceed pro se, this matter is referred to the undersigned by

22   Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

23         Plaintiffs' applications in support of the request to proceed in forma pauperis makes the

24   showing required by 28 U.S.C. § 1915. The motions to proceed in forma pauperis (ECF No. 7, 8)

25   are granted.

26   **I.      Screening Requirement**

27         Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

28   proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

1

1   claim on which relief may be granted," or "seeks monetary relief against a defendant who is

2   immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

3   (9th Cir. 2000). A claim is legally frivolous when it lacks an arguable basis either in law or in

4   fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this

5   standard, the court accepts as true the factual allegations contained in the complaint, unless they

6   are clearly baseless or fanciful, and construes those allegations in the light most favorable to the

7   plaintiff. See id. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,

8   960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

9           Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines

10  v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory

11  allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council

12  v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of

13  action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57

14  (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

15          To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

16  state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial

17  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

18  inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se

19  litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend

20  unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809

21  F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203

22  F.3d 1122 (en banc).

23      **II.    Procedural Background**

24          Plaintiff Weston initiated this action on August 19, 2025, by filing a complaint and a

25  motion to proceed in forma pauperis. (ECF Nos. 1, 2.) On August 20, 2025, plaintiff Weston filed

26  a motion for temporary restraining order. (ECF No. 3.) On August 22, 2025, the Court issued

27  findings and recommendations to deny the motion for temporary restraining order. (ECF No. 22.)

28  Based on the complaint and the motion for temporary restraining order, it appeared that there

1    were two plaintiffs, but only plaintiff Weston signed the original complaint. The Court requested

2    that plaintiff file a signed copy of the complaint. (ECF No. 4 at 1 n.1.) The Court also issued a

3    minute order that ordered plaintiff Weston to file a complete motion to proceed in forma pauperis,

4    and, if there was a second plaintiff, for that plaintiff to file a motion to proceed in forma pauperis.

5    (ECF No. 5.)

6        Plaintiffs filed the operative FAC on September 5, 2025, signed by plaintiff Weston and

7    plaintiff Marshall. (ECF No. 6.) Plaintiffs also filed motions to proceed in forma pauperis. (ECF

8    No. 7,8.) Plaintiffs filed a second motion for temporary restraining order, a motion for a thirty day

9    extension of time to file exhibits, a motion to e-file, and objections to the findings and

10   recommendations denying plaintiffs' first temporary restraining order.[1] (ECF Nos. 9, 11, 12, 13.)

11       **III.    Allegations in the Complaint**

12       Plaintiffs bring their FAC against Defendants WIP 800 J Lofts, Patrick Crowly, Leslie

13   Salvador, Lisa Cook, Maher Rashid, and Leah Flores alleging the following causes of action:

14   (1) due process violations under 42 U.S.C. § 1983; (2) housing discrimination under 42 U.S.C.

15   § 3601 et seq.; (3) a RICO violation under 18 U.S.C. § 1962(c), (d); (4) obstruction of justice, 18

16   U.S.C. § 1503; (5) retaliation under 42 U.S.C. § 3617; (6) property rights violation under 42

17   U.S.C.  1983 and Cal. Civ. Code §§ 1980-1988; (7) deprivation of property without due process

18   under 42 U.S.C. § 1983; (8) denial of access to courts under 42 U.S.C. § 1983; (9) conspiracy to

19   interfere with civil rights under 42 U.S.C. § 1985; and (10) various state law claims. (ECF No. 6

20   at 5-6.)

21       Plaintiffs allege a "fraudulent and retaliatory" unlawful detainer action was filed in

22   Sacramento County Superior Court in July 2024, Case No. 24UD000805. (ECF No. 6 at 1; see id.

23   _____

24   [1]  The Docket reflects that the findings and recommendations (ECF No. 4) and the Court's August
     22, 2025, minute order (ECF No. 5) were returned as undeliverable. See Docket. However,
25   plaintiffs indicate they filed the FAC in response to the Court's findings and recommendations
     (see ECF No. 6 at 1), plaintiffs filed renewed motions to proceed in forma pauperis in response to
26   the Court's August 22, 2025 minute order (see ECF Nos. 7, 8), and plaintiffs filed a "notice of
     timely filing" in response to the Court's August 22, 2025 minute order (ECF No. 10). Based on
27   this, the Court surmises that plaintiffs received the Court's orders at ECF Nos. 4 and 5. Plaintiffs
     are reminded that it is their responsibility to keep the Court apprised of their address at all times.
28   Local Rule 183(b).

at 21, 106.) Plaintiffs allege that the unlawful detainer judgment was "obtained through falsified filings, concealment of rent payments, denial of due process, and mail obstruction, retaliating against Plaintiffs for asserting housing and disability rights." (Id. at 1.) Plaintiffs allege that defendant Rashid refused plaintiffs' rent payment and locked them out of the payment portal in June 2024, and that he "falsif[ied] legers to show delinquency." (Id. at 106.)

Plaintiffs allege the unlawful detainer action and eviction are void because they paid $12,960 since October 2024. (Id. at 105.) Plaintiffs state that on August 5, 2025, they timely filed an appeal in the unlawful detainer case, "which is active and pending." (Id. at 1.) Despite this appeal, plaintiffs allege defendants executed a lockout, and defendant Cook prevented plaintiffs from receiving mail, including legal documents and medications. (Id. at 1-2.) Plaintiff Weston alleges she was dropped from her fall law class, and plaintiff Marshall alleges she faces reputation harm as a California bar applicant and law student. (Id.)

## IV.    Discussion

### A.    Failure to State a Claim

Plaintiffs' complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). As discussed below, the Court finds that plaintiffs' claims appear to be based on the unlawful detainer action currently on appeal in the Sacramento County Superior Court and are thus barred by the Rooker-Feldman doctrine. However, to the extent any of plaintiffs' claims are not based on the unlawful detainer action, the Court addresses each below.

#### 1.    Rooker-Feldman Doctrine

Federal district courts do not have appellate jurisdiction over state courts. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). The Rooker-Feldman doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).

A federal court action constitutes a forbidden de facto appeal under Rooker-Feldman when the plaintiff complains of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants. Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). Or the plaintiff may complain of harm caused by a state court judgment that directly withholds a benefit from the plaintiff, based on an allegedly erroneous ruling by the court. Id. "Once a federal plaintiff seeks to bring a forbidden de facto appeal, . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." Id. at 1158.

Here, plaintiffs' claims are primarily related to an unlawful detainer action that is currently ongoing in Sacramento County Superior Court. (See ECF No. 6 at 1, 106.) Plaintiffs have alleged they filed an appeal in the unlawful detainer case on August 5, 2025. (Id. at 1.) To the extent plaintiffs' claims are based on the unlawful detainer case, they are barred by the Rooker-Feldman doctrine. Plaintiffs state the case "arises from a fraudulent and retaliatory unlawful detainer (UD) action (Case No. 24UD000805)" at a property in Sacramento. (ECF No. 6 at 1.) Plaintiffs seek to prevent defendants from disposing of or damaging plaintiffs' belongings, immediate access to retrieve property and mail, and damages. (ECF No. 6 at 9.) Plaintiffs are complaining of an alleged legal injury caused by the state court's judgment in the unlawful detainer case. See Noel, 341 F.3d at 1163. A ruling in plaintiffs' favor would necessarily disturb the state court ruling, violating the Rooker-Feldman doctrine. See Jayaton-Kerry v. Cooper, 2024 WL 216265, at *8 (E.D. Cal. Jan. 19, 2024.) Accordingly, plaintiffs have failed to state a claim.

### 2. 42 U.S.C. § 1983 Claims (Claim 1, 6, 7, 8)

Plaintiffs bring multiple claims under 42 U.S.C. § 1983 for deprivation of property without due process and denial of access to the courts. (ECF No. 1 at 5-6.) While the FAC raises constitutional violations pursuant to 42 U.S.C. § 1983, plaintiffs do not allege that defendants are acting under the color of state law. See Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Rather, plaintiffs' FAC centers on the state court's actions in the unlawful detainer proceedings. (See generally ECF No. 6.) The FAC is devoid of allegations showing defendants,

1    as private parties, acted under color of state law. See Price v. State of Hawaii, 939 F.2d 702, 707-

2    08 (9th Cir. 1991) ("private parties are not generally acting under color of state law, and [the

3    Ninth Circuit has] stated that conclusionary allegations, unsupported by facts, will be rejected as

4    insufficient to state a claim under the Civil Rights Act." (internal quotation marks and citation

5    omitted)). It appears that plaintiffs bring this action against defendants based primarily on

6    defendants' involvement in bringing the unlawful detainer action in state court. (ECF No. 6 at 1

7    ("[t]his case arises from a fraudulent and retaliatory unlawful detainer (UD) action" and the

8    unlawful detainer "judgment was obtained through falsified filings, concealment of rent

9    payments, denial of due process, and mail obstruction, retaliating against Plaintiffs for asserting

10    housing and disability rights"); id. at 5 (alleged due process violation based on defendants

11    advancing "falsified [unlawful detainer] filings, concealed payments, and benefited from clerk

12    errors delaying appeal docketing"); id. ("Defendants' lockout and property deprivation, executed

13    under color of state law via an invalid writ, lacked proper notice or hearing, violating the

14    Fourteenth Amendment."). However, the defendants' pursuit of an unlawful detainer action in

15    state court cannot form the basis of a constitutional violation pursuant to 42 U.S.C. § 1983

16    because no state action is implicated by defendants' conduct. See Haw v. Washington Mut. Bank,

17    2010 WL 728200, at *1 (E.D. Cal. Mar. 1, 2010) ("Use of the unlawful detainer process standing

18    alone does not transform acts by a private party into acts under color of law for purposes of

19    § 1983."); see also Damian v. N. Neon Operations, LLC, 2012 WL 1438705, at *4 (N.D. Cal.

20    Apr. 25, 2012) ("an unlawful detainer suit does not constitute state action for purposes of Section

21    1983."); Naoko Ohno v. Yuko Yasuma, 723 F.3d 984, 995-96 (9th Cir. 2013) (finding private

22    actors do not become state actors merely by engaging in litigation in state court). To the extent

23    plaintiffs' claims against are based on defendants' actions initiating the unlawful detainer action,

24    plaintiffs' claims fail.

25        To the extent plaintiffs' constitutional claims could be construed as not being based solely

26    on the unlawful detainer action, their claims also fail because plaintiffs have not sufficiently

27    alleged that defendants are acting under the color of state law. See Price, 939 F.2d at 707-08.

28    Defendants appear to be private actors, and plaintiffs have not alleged that there was "significant"

6

1    state involvement in the action. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citation

2    omitted). Accordingly, even if plaintiffs' claims are not based solely on the unlawful detainer

3    action, their claims still fail because they have not sufficiently alleged that defendants are state

4    actors.

### 3.    42 U.S.C. § 1985 (Claim 9)

6         Plaintiffs bring a conspiracy claim under 42 U.S.C. § 1985, alleging defendants conspired

7    to deprive plaintiffs of equal protection and due process through "coordinated fraudulent filings,

8    mail obstruction, and retaliatory eviction, targeting their race, familial status, and disabilities."

9    (ECF No. 6 at 6.) 42 U.S.C. § 1985(3) creates a civil action for damages caused by two or more

10   persons who "conspire . . . for the purpose of depriving" the injured person of "the equal

11   protection of the laws, or of equal privileges and immunities under the laws" and take or cause to

12   be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). To state a

13   claim under § 1985, a plaintiff must allege and prove four elements: (1) "a conspiracy"; (2) "for

14   the purpose of depriving, either directly or indirectly, any person or class of persons of the equal

15   protection of the laws, or of equal privileges and immunities under the laws"; and (3) "an act in

16   furtherance of the conspiracy"; (4) "whereby a person is either injured in his person or property or

17   deprived of any right or privilege of a citizen of the United States." United Brotherhood of

18   Carpenters & Joiners of America v. Scott, 463 U.S. 825, 828-29 (1983).

19        "Where a § 1985(3) claim is based on the alleged deprivation of a federal right that

20   requires state action, the claim cannot be based on a conspiracy among private parties." Hoffman

21   v. Indymac Bank FSB, 2010 WL 3463641, at *3 (N.D. Cal. Aug. 31, 2010) (citing Scott, 463

22   U.S. at 830-34). Plaintiffs' claims—that defendants conspired to deprive plaintiffs of equal

23   protection and due process—require state action to be cognizable. See id. As discussed above,

24   plaintiffs have failed to allege that defendants' actions are fairly attributable to the state, and,

25   consequently, they may not pursue a § 1985 conspiracy claim. See Caldeira v. Cnty. of Kauai,

26   866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of

27   rights precludes a § 1985 conspiracy claim predicated on the same allegations"). Accordingly,

28   because plaintiff has not alleged that defendants are state actors, she has failed to state a claim

1    under § 1985.

2    ### 4.  Fair Housing Act, 42 U.S.C. § 3601 et seq. (Claim 2)

3    Plaintiffs bring a claim under the Fair Housing Act for discrimination based on race,

4    familial status, and disability, alleging "defendants' fraudulent [unlawful detainer] filings, mail

5    obstruction, and tenancy interference were retaliatory, targeting Plaintiffs' protected

6    characteristics." (ECF No. 6 at 5.) Plaintiffs allege they are Black, plaintiff Marshall is a minor

7    child, Weston has ADHD and hypertension, and Marshall has asthma. (ECF No. 6 at 3, 4.) The

8    Court will address each of these grounds.

9    The Fair Housing Act states that "[i]t is the policy of the United States to provide, within

10   constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. Thus,

11   it is unlawful to "refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to

12   any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C.

13   § 3604(a). The Fair Housing Act also makes it illegal "[t]o discriminate against any person in the

14   terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or

15   facilities in connection with such dwelling, because of a handicap of . . . that person[.]" 42 U.S.C.

16   § 3604(f)(2). "Familial status" is defined as "one or more individuals (who have not attained the

17   age of 18 years) being domiciled with . . . a parent or another person having legal custody of such

18   individual or individuals." 42 U.S.C. § 3602(k)(1).

19   To establish a prima facie claim for discrimination under the Fair Housing Act, a plaintiff

20   must demonstrate that: (1) plaintiff's rights are protected under the Fair Housing Act; and (2) "as

21   a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable

22   injury." Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999).

23   Under the Fair Housing Act, a plaintiff can establish a "racial discrimination claim under a

24   theory of disparate treatment or disparate impact." Id. (citing Gamble v. City of Escondido, 104

25   F.3d 300, 304-05 (9th Cir. 1997) (noting that courts analyze Fair Housing Act claims under the

26   same framework as employment discrimination claims under Title VII of the Civil Rights Act)).

27   Here, plaintiffs appear to bring a disparate treatment claim, as they allege that defendants'

28   actions targeted plaintiffs based on their protected characteristics. (ECF No. 6 at 5.) Plaintiffs

1    have failed to state a claim under the Fair Housing Act for discrimination based on race,

2    disability, or familial status. As a general matter, plaintiffs' allegations in general appear centered

3    around the unlawful detainer action. (See ECF No. 6 at 5.) To the extent plaintiffs allege the

4    unlawful detainer action itself was retaliatory in nature and based on plaintiffs' protected

5    characteristics, these allegations are also insufficient to state a claim. First, plaintiffs only alleged

6    conclusory statements that the unlawful detainer action was fraudulent, and defendants' actions

7    were retaliatory. Plaintiffs have not provided sufficient facts to demonstrate that defendants

8    engaged in discriminatory conduct based on plaintiffs' race. Second, plaintiffs have not

9    sufficiently alleged that either individual suffers from a handicap as defined in 42 U.S.C. §

10   3602(h), that defendants knew or reasonably should have known about either plaintiffs' handicap,

11   that accommodation of the handicap might be necessary to afford plaintiffs equal opportunity to

12   use and enjoy the dwelling, or that defendants refused to make an accommodation. See United

13   States v. Cal. Mobile Home Park Mgmt. Co., 107 F.3d 1374, 1380 (9th Cir. 1997); 42 U.S.C.

14   § 3602(h) (defining handicap as "(1) a physical or mental impairment which substantially limits

15   one or more of such person's major life activities, (2) a record of having such an impairment, or

16   (3) being regarded as having such an impairment"). Plaintiffs allege that Weston has ADHD and

17   hypertension, and Marshall has asthma, but do not allege that these physical impairments

18   substantially limit their major life activities. Plaintiffs also do not sufficiently allege that

19   defendants knew or should have known about plaintiffs' impairments, or that defendants refused

20   to make an accommodation.

21        Third, plaintiffs have not sufficiently pled a discrimination claim based on their familial

22   status. A plaintiff may establish a prima facie violation of 3604(b) by pleading "facially

23   discriminatory rules which treat children, and thus, families with children, differently and less

24   favorably than adults-only households." United States v. Plaza Mobile Estates, 273 F.Supp.2d

25   1084, 1091 (C.D. Cal. 2003). Plaintiffs have not alleged that defendants have created

26   discriminatory rules that treat families with children less favorably than adult-only households.

27   The Court also notes that at the time of the alleged wrongful acts, plaintiff Marshall was alleged

28   to be a minor, but she is now eighteen. (ECF No. 6 at 3.) Accordingly, plaintiffs have failed to

1    state a claim under the Fair Housing Act.

2    ### 5.  Fair Housing Act: Retaliation 42 U.S.C. § 3617 (Claim 5)

3    Plaintiffs allege defendants have engaged in retaliation under the Fair Housing Act. (ECF

4    No. 6 at 5.) The FHA prohibits retaliating against a person for exercising rights protected by the

5    Fair Housing Act. See 42 U.S.C. § 3617. To successfully bring a retaliation claim under the FHA,

6    a plaintiff must show that (1) she engaged in a protected activity, (2) an adverse housing

7    consequence is causally linked to that activity, and (3) there was resulting damage. See San Pedro

8    Hotel Co. v. City of Los Angeles, 159 F.3d 470, 477 (9th Cir. 1998). "In the context of a § 3617

9    claim, that adverse action must be in the form of coerc[ion], intimidate[ion], threat[s], or

10   interfere[nce]." Walker v. City of Lakewood, 272 F.3d 1114, 1128 (9th Cir. 2001) (alteration in

11   original) (citation omitted).

12   Here, plaintiffs allege that defendants retaliated against them for asserting housing and

13   disability rights by executing an unlawful detainer. (ECF No. 6 at 5.) However, plaintiffs have not

14   sufficiently alleged what housing or disability rights they asserted to cause the alleged retaliation.

15   Further, plaintiffs have not sufficiently shown that asserting these rights caused defendants to

16   initiate the unlawful detainer action. Plaintiffs also have not shown that the unlawful detainer

17   action resulted from defendants' coercion, intimidation, or threats. Accordingly, plaintiffs have

18   failed to state a retaliation claim.

19   ### 6.  RICO Claim (Claim 3)

20   Plaintiffs bring a claim under 18 U.S.C. § 1962(c), which makes it unlawful for any

21   person associated with an alleged racketeering enterprise "to conduct or participate, directly or

22   indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity[.]"

23   18 U.S.C. § 1962(c). To state a civil claim for violations of § 1962(c), a plaintiff must allege

24   "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as

25   'predicate acts') (5) causing injury to plaintiff's 'business or property.'" Grimmett v. Brown, 75

26   F.3d 506, 510 (9th Cir. 1996) (citation omitted). "While the factual circumstances of the fraud

27   itself must be alleged with particularity, the state of mind—or scienter—of the defendants may be

28   alleged generally." Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2007).

Here, plaintiffs state that defendants formed an enterprise and engaged in racketeering by mail fraud, wire fraud, and obstruction. (ECF No. 6 at 5.) Plaintiffs also state defendants filed fraudulent unlawful detainer filings, engaged in an illegal lockout, and participated in mail obstruction which caused eviction, medical harm, and reputational injury. (See Id.) Plaintiffs' conclusory allegations are insufficient to state a claim. Plaintiffs have not shown that defendants formed an enterprise or engaged in a pattern that caused injury to plaintiffs' property. Further, to the extent plaintiffs' allegations stem from the unlawful detainer action, this is barred by Rooker-Feldman as discussed above. Accordingly, plaintiffs fail to state a claim.

### 7.  Obstruction of Justice Claim (Claim 4)

Plaintiffs bring a claim for obstruction of justice under 18 U.S.C. § 1503, alleging defendants interfered with judicial proceedings, impeding plaintiffs' court access. (ECF No. 6 at 5.) 18 U.S.C. § 1503 is a federal criminal statute that makes it a crime for a person who "corruptly, or by threats of force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any . . . juror, or officer in or of any court[,]" There is no private right of action for violation of a criminal statute, which means that plaintiffs, as private citizens, cannot bring a claim pursuant to 18 U.S.C. § 1503. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997), overruled on other grounds by Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) ("The obstruction of justice claim under 18 U.S.C. § 1503 is . . . futile because 18 U.S.C. § 1503 is a criminal statute that does not provide for a private cause of action."). Accordingly, plaintiffs fail to state a claim under 18 U.S.C. § 1503.

### B.  State Law Claims (Claims 6, 10)

As discussed above, plaintiffs have failed to state a claim under federal law. Accordingly, at this time, the Court will not exercise supplemental jurisdiction over plaintiffs' state law claims. See 28 U.S.C. § 1367(c)(3); Campos v. Fresno Deputy Sheriff's Association, 535 F.Supp.3d 913, 931 (E.D. Cal. 2021); Religious Tech. Ctr. V. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992).

### V.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

11

Your complaint is being dismissed because it fails to state a claim. However, you are being given the chance to fix the problems identified in this order by filing an amended complaint. If you wish to file an amended complaint you must clearly explain what happened, why the court has jurisdiction over your complaint, and what remedy you are seeking.

## VI.    Miscellaneous Motions

### A.  Motion to E-File (ECF No. 12)

Plaintiffs request permission to e-file documents in this case. (ECF No. 12.) "[A]ny person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." See E.D. Cal. L.R. 133(b)(2). Plaintiffs state that they are requesting to electronically file documents because the case involves numerous exhibits, and electronic filing will ensure accurate, efficient, and timely filing. (ECF No. 12 at 2.) Plaintiffs have established good cause. The Court therefore GRANTS plaintiffs permission to file electronically under Local Rule 133(b)(2). (ECF No. 12.) E-filing access may be revoked at any time by the Court for excessive and/or inappropriate use. Please consult with the Clerk's Office at 916-930-4000 before filing documents if unsure about which event to use.

### B.  Motion for Extension of Time (ECF No. 11)

Plaintiffs filed a motion for an extension of time to file additional exhibits. (ECF No. 11.) Because plaintiffs' FAC is denied with leave to amend, plaintiffs will be able to file any additional exhibits with any amended complaint they choose to file. Accordingly, plaintiff's motion for an extension of time is DENIED as moot.

## VII.    Conclusion and Recommendation

The complaint must be dismissed, but plaintiffs are granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "Second Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

/////

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiffs' requests to proceed in forma pauperis (ECF No. 7, 8) are GRANTED;

2. Plaintiffs' first amended complaint (ECF No. 6) is dismissed with leave to amend;

3. The Clerk's Office is directed to send plaintiffs the civil form complaint used in this district; and

4. Plaintiffs are granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiffs' motion to e-file (ECF No. 12) is GRANTED;

6. Plaintiffs' motion for an extension of time (ECF No. 11) is DENIED as moot.

Dated:  September 26, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, west.2364.25

13