UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASYA WESTON,<br><br>          Plaintiff,<br><br>    v.<br><br>WIP 800 J LOFTS, et al.,<br><br>          Defendants. | Case No.  2:25-cv-02364-DJC-CKD (PS)<br><br>ORDER<br><br>(ECF Nos. 4, 9.) |

On August 22, 2025, the magistrate judge filed findings and recommendations (ECF No. 4), which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days. On September 05, 2025, plaintiffs filed objections to the findings and recommendations. (ECF No. 13.) In those objections, plaintiffs indicated they would file a corrected motion for temporary restraining order. The Court has considered all objections raised.

In accordance with 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review. The Court has carefully reviewed the file, including Plaintiff's objections, and finds the findings and recommendations are supported by the record and by proper analysis. The Court therefore concludes that it is appropriate to adopt the findings and recommendations in full.

1

|   |   |
|---|---|
| 1 | Further, plaintiffs filed a second motion for temporary restraining order on |
| 2 | September 5, 2025. (ECF No. 9.) Like the first motion for temporary restraining order, |
| 3 | this second motion for restraining order is based on an unlawful detainer action filed |
| 4 | Sacramento County Superior Court (Case No. 24UD000805). (Id. at 1.) Plaintiffs allege |
| 5 | that defendants "executed a lockout despite [a] pending appeal" in the unlawful |
| 6 | detainer action, and that plaintiffs' "belongings remain at risk of unlawful disposal[.]" |
| 7 | (Id.) Plaintiffs seek a temporary restraining order that prohibits defendants from |
| 8 | disposing of, damaging, or interfering with plaintiffs' belongings and mail, that allows |
| 9 | plaintiffs supervised access to retrieve property and mail, and that preserves all |
| 10 | property and mail until a hearing. (Id.) |
| 11 | Similar to the first motion for temporary restraining order, plaintiffs second |
| 12 | motion for temporary restraining order is deficient. Plaintiffs' motion has not satisfied |
| 13 | the requirements of Federal Rule of Civil Procedure 65 or Local Rule 231 governing |
| 14 | applications for temporary restraining orders. First, plaintiff has not filed a brief on all |
| 15 | relevant legal issues presented by the motion. Second, while plaintiff filed a proposed |
| 16 | order (ECF No. 9 at 3), the proposed order does not contain a provision for a bond, or |
| 17 | the amount of the bond, if any, as required by this Court's Local Rules (see Local Rule |
| 18 | 231(c)(6)-(7)). Third, the proposed order does not notify the affected party of the right |
| 19 | to apply to the Court for modification or dissolution on two days' notice or such |
| 20 | shorter notice as the Court may allow. See Local Rule 231(c)(8). While plaintiffs filed an |
| 21 | affidavit indicating that they provided defendants notice of the motion, plaintiffs state |
| 22 | they provided notice via "efile" at "[Defendant's address]." (ECF No. 9 at 4.) Based on |
| 23 | this, it is unclear how plaintiffs notified defendants of the motion. Attached to plaintiffs' |
| 24 | first amended complaint ("FAC"), there is indication that the second motion for |
| 25 | temporary restraining order was emailed to defendants. (ECF No. 6 at 104.) However, |
| 26 | it is not clear that this email address is a proper way to serve all defendants. The |
| 27 | motion for a temporary restraining order is therefore procedurally defective. See Fed. |
| 28 | R. Civ. P. 65(b)(1); Local Rule 231. |

1        Plaintiff also has again failed to show a likelihood of success on the merits.
2 Plaintiffs claims and the grounds for this motion for temporary restraining order are
3 based on a pending unlawful detainer action in Sacramento County Superior Court.
4 (See ECF No. 9 at 4; ECF No. 6 at 1.) The court should abstain from issuing the
5 requested relief in the form of enjoining or continuing the state court unlawful
6 detainer action because this court does not have in rem jurisdiction or custody of the
7 property at issue. See Scherbenske v. Wachovia Mortg., FSB, 626 F. Supp. 2d 1052,
8 1058 (E.D. Cal. 2009) (abstaining from interfering with state unlawful-detainer action
9 under Colorado River Water Conservation District v. United States, 424 U.S. 800
10 (1976)). Further the Court has dismissed plaintiffs' FAC with leave to amend, finding
11 plaintiffs' FAC failed to state a claim. Plaintiffs claim they have been locked out of their
12 residence due to the unlawful detainer action, and have suffered irreparable harm
13 because they are unable to access their mail, which includes medication. ECF No. 6 at
14 3; ECF No. 9 at 4; see Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).
15 While the Court is sensitive to plaintiffs' difficulty accessing medication, it is clear this
16 potential harm is a result of the unlawful detainer action, over which the Court does
17 not have jurisdiction. See Scherbenske, 626 F. Supp. 2d at 1058. Accordingly,
18 plaintiff's second motion for temporary restraining order is DENIED.
19        Accordingly, IT IS HEREBY ORDERED that:
20        1.    The findings and recommendations (ECF No. 4) are ADOPTED IN FULL;
21        2.    Plaintiff's motion for a temporary restraining order (ECF No. 3) is
22 DENIED; and
23        3.    Plaintiff's second motion for temporary restraining order (ECF No. 9) is
24 DENIED; and
25 ////
26 ////
27 ////
28 ////

4. This matter is referred back to the assigned Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated: **October 2, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE