UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASYA WESTON, | No. 2:25-cv-02364-DJC-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| WIP 800 J LOFTS, et. al., | |
| Defendants. | |

Proceeding pro se, plaintiffs Asya Weston and Corinne Marshall initiated this action by filing a complaint. (ECF No. 1.) On December 2, 2025, plaintiffs filed a third amended complaint ("TAC"). (ECF No. 28.) Plaintiffs' request to seal documents is before the court. (ECF Nos. 30, 31.) Plaintiffs have also filed a motion for a twenty-one day extension of time to file a second amended complaint ("SAC") (ECF No. 26) and a motion for one day extension of time to file the TAC (ECF No. 29). Plaintiff's motion for an extension of time to file the SAC is DENIED as moot, because the Court already granted leave for plaintiffs to file a TAC (ECF No. 25), and plaintiffs have filed the TAC (ECF No. 28). Furthermore, the Court accepts plaintiffs TAC, and the motion for a one-day extension of time is GRANTED. (ECF No. 29.)

The TAC includes over 300 pages of exhibits, including Exhibits 19, 20, and 22. Plaintiffs seek to seal Exhibits 19-22. (ECF No. 30.) Exhibit 19 is a police report. (ECF No. 28-1 at 286-90.) There are two Exhibit 20s in the TAC. One is a hotel receipt (ECF No. 28-1 at 338) and the

other includes medical records (ECF No. 28-1 at 301-23). Exhibit 22 is a "medical delay declaration." (ECF No. 28-1 at 298). Plaintiff states Exhibit 21 is academic documents (ECF No. 30 at 4) but Exhibit 21 is not attached to the TAC. Plaintiff states sealing Exhibit 22 is appropriate because the "information is highly sensitive and protected under federal privacy laws including [Health Insurance Portability and Accountability Act ("HIPPA")], and its public disclosure could cause undue harm or embarrassment to the Plaintiffs." (ECF No. 30 at 3.) Plaintiff seeks to seal the other documents because they include information related to a minor. (Id. at 4.)

Requests to seal documents are procedurally governed by Local Rule 141. Documents may only be sealed by written order, upon the showing required by applicable law. See Local Rule 141(a). Local Rule 140 discusses redactions, and lists information that shall be redacted. See Local Rule 140.

Courts recognize "a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commnc'ns, Inc., 435 U.S. 589, 597 (1978). Thus, courts in the Ninth Circuit "start with a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). Parties seeking to seal records attached to a motion that is "more than tangentially related to the merits of a case" must satisfy the "compelling reasons" standard. Ctr. For Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016); see Perimeter Sols., L.P. v. Fortress N. Am., L.L.C., 2024 WL 3967472, at *1-2 (E.D. Cal. Aug. 28, 2024) (applying the compelling reasons standard to a request to seal an exhibit to a complaint).

To decide whether the party requesting to seal has carried its burden under the compelling reasons standard, the court balances the reasons for secrecy with the public's interests in disclosure. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). The court cannot rely on "hypothesis or conjecture" nor on assertions that merely cite a general category of privilege. See id. at 1184. Instead, a party that wishes to keep its documents secret must point out a "specific linkage" between its interests in secrecy and those documents. See id. at 1182 ("[C]onclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents."), 1184. When, however, the material sought

to be sealed is at most "tangentially related to the merits of a case," a request to seal may be granted on a showing of "good cause." Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096-1101 (9th Cir. 2016). Under this Court's Local Rule 141, documents may only be sealed by written order upon the showing required by applicable law. E.D. Cal. Local Rule 141(a).

First, plaintiffs have not attached Exhibit 21 to their TAC. Accordingly, the request to seal Exhibit 21 is denied without prejudice.

Second, plaintiffs request to seal Exhibit 19 to the TAC, which is a police report. (ECF No. 28-1 at 286-90.) Plaintiffs' reasons for sealing are that the document "[i]ncludes contact info and minor's name." (ECF No. 30 at 4.) A review of the police report shows that any sensitive information is already anonymized by the report itself, so no contact information is actually included in the report. (See ECF No. 28-1 at 289.) This report includes an email address, but this is the same email address plaintiffs provided to the Court. Additionally, the report contains plaintiff Corinne Marshall's name, which is presumably the minor referred to in the request to seal. However, plaintiff Marshall's name was provided in full to the Court previously. Further, there is indication that plaintiff Marshall is not a minor, because in the motion for temporary restraining order filed on August 20, 2025, plaintiffs state plaintiff Marshall is eighteen.[1] (ECF No. 3 at 2.) Accordingly, plaintiffs do not show good cause or compelling reasons for shielding from public view the information contained in the police report at Exhibit 19. Plaintiffs' request to seal Exhibit 19 is denied.

Third, plaintiffs request to seal Exhibit 22, which is a "Medical Delay Declaration," that "[c]ontains protected medical information (HIPAA)." (ECF No. 30 at 4.) Exhibit 22 to the TAC "supplements Plaintiffs' claims for special and actual damages resulting from medically documented health consequences and educational interference due to ongoing housing retaliation

---

[1] The Court also notes that the first amended complaint states Corinne Marshall is Asya Weston's "18-year-old daughter" who was a "minor during initial acts (April 2024-August 2025)." (ECF No. 6 at 3.) The Court notes this fact from the first amended complaint only to determine plaintiff Marshall's age and will not consider the first amended complaint for any other purpose.

3

and harassment." (ECF No. 28-1 at 298-99.) Plaintiffs claim this information is "highly sensitive and protected under federal privacy laws." (ECF No. 30 at 3.) Plaintiffs also request to seal Exhibit 20, which plaintiffs state is "hotel/displacement receipts" that "[c]ontains address/location and minor's travel info." (ECF No. 30 at 4.) A review of the TAC shows that there are two Exhibit 20s. The first contains medical records. (ECF No. 28-1 at 301-23.)

Plaintiff does not show good cause or compelling reasons for shielding from public view the medical delay declaration and the medical information in Exhibits 20[2] and 22. Claims that material is "sensitive" and "could cause undue harm or embarrassment" (ECF No. 30 at 3) do not suffice to show good cause. Plaintiffs do not show compelling reasons for sealing material containing information about medicals condition also claimed to be "sensitive." The privacy rule of HIPAA applies to specific covered entities: a health plan, a health care clearinghouse, and a health care provider who transmits health information in electronic form. 45 C.F.R. § 160.102(a). HIPAA allows for disclosure of medical information in the course of administrative or judicial proceedings. See 45 C.F.R. § 164.512(e)(1). HIPAA does not provide a basis for shielding from public view a litigant's medical condition placed in issue in a case. Here, plaintiffs include emotional distress and mental suffering in their request for damages. (See, e.g., ECF No. 28 at 19, 30, 31, 36.) Plaintiffs have put their medical conditions at issue in this case. Exhibit 22 itself states that it supports plaintiffs' claims for actual damages and emotional distress. (ECF No. 28-1 at 298.) The request to seal does not articulate how failing to seal documents in this case would result in a substantial probability that a compelling interest would be harmed or how disclosure of the information could place plaintiffs or anyone else in danger.

Lastly, plaintiffs request to seal a second exhibit labeled Exhibit 20, which plaintiffs state is "hotel/displacement receipts" that "[c]ontains address/location and minor's travel info." (ECF No. 30 at 4; see ECF No. 28-1 at 338.) This exhibit is a hotel receipt. Plaintiffs do not show good cause or compelling reasons for shielding from public view this hotel receipt. As stated above,

---

[2] The Court notes that the medical records included in Exhibit 20 (ECF No. 28-1 at 301-23) already include some redactions. Unless these redactions comply with Local Rule 140, they are technically improper. However, at this time, the Court does not require that plaintiffs re-file unredacted versions.

1 | there is evidence that plaintiff Marshall is not a minor. Further, plaintiffs seek hotel expenses as a
2 | form of damages, so they have put this at issue in the case. (<u>See</u> ECF No. 28 at 9.)
3 |     In accordance with the above, IT IS HEREBY ORDERED as follows:
4 |     1. Plaintiffs' requests to seal (ECF Nos. 30, 31) are DENIED
5 |         a. Plaintiffs' request to seal Exhibits 19, 20, and 22 are DENIED
6 |         b. Plaintiffs' request to seal Exhibit 21 is DENIED without prejudice;
7 |     2. Plaintiffs' motion for extension of time (ECF No. 26) is DENIED as moot;
8 |     3. Plaintiffs' motion for extension of time (ECF No. 29) is GRANTED.
9 | Dated: December 8, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, west.2364.25