UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASYA WESTON, ET AL., | No.  2:25–cv–02364–DJC–CKD PS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (ECF No. 28) |
| WIP 800 J LOFTS, ET AL., | |
| Defendant. | |

Plaintiffs Asya Weston and Corrine Marshall initiated this action on August 29, 2025, with a pro se complaint and a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) Plaintiffs later amended their Complaint. (ECF No. 6.) On September 26, 2025, the undersigned granted Plaintiffs' motion to proceed in forma pauperis but dismissed the First Amended Complaint with leave to amend. (ECF No. 14.) Pursuant to the Court's order, Plaintiffs filed a Second Amended Complaint on October 29, 2025. (ECF No. 17.) After review of the Second Amended Complaint, Plaintiffs were directed to file a Third Amended Complaint. (ECF No. 25.) Plaintiffs filed a Third Amended Complaint ("TAC") on December 2, 2025. (ECF No. 28.) Because Plaintiffs proceed pro se, this matter is referred to the undersigned by Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

/ / /

1

## I.    Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez*, 203 F.3d 1122 (en banc).

## II.    Allegations in the Complaint

Plaintiffs Asya Weston and Corrine Marshall, a mother and daughter, allege that between April 2024 and August 2025, Defendants WIP 800 J Lofts L.P., the Wolff Company, SRG

Residential, LLC, Kimball, Tirey & St. John, Patrick Crowl, Leslie Salvador, Maher Rashid, Lisa Cook, Leah Flores, and Does 1-10 participated in a "continuous pattern of fraudulent and retaliatory conduct." (ECF No. 28 at ¶ 28.) Plaintiffs allege that "due to a bank account mix-up," a rent payment was returned to them. *Id*. at ¶ 29. Subsequently, Plaintiffs allege they were locked out of their online payment portal and that Defendants assessed late fees and claimed delinquency. *Id*. Plaintiffs further allege that they made ongoing attempts to pay their balance, but faced refusal by Defendants, "as part of a coordinated effort to manufacture default, use false statements, electronic communications, and official documents to further a fraudulent eviction narrative." *Id*. at ¶ 32.

Further, Plaintiffs allege in the subsequent unlawful detainer action, that counsel had made omissions and representations to the court, and had misled Plaintiff and the court regarding a stipulation that included payment of attorney's fees. *Id*. at ¶¶ 34-35, 37. Plaintiffs allege Defendants' efforts culminated in a lock-out and seizure of Plaintiffs' apartment on August 7, 2025, which forced Plaintiffs to relocate to temporary hotels. *Id*. at ¶¶ 42, 45. Plaintiffs allege Defendants caused Plaintiffs financial injury in the form of relocation expenses, loss of housing, personal property, and damage to credit and reputation, among other injuries. *Id*. at ¶ 47.

### III. Discussion

#### a. *Rooker-Feldman* Doctrine Bars this Action

Federal district courts do not have appellate jurisdiction over state courts. *See Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283-84 (2005). The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004).

A federal court action constitutes a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff complains of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants. *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). Or the plaintiff may complain of harm caused by a state court judgment that directly withholds a benefit from the plaintiff, based on an

3

allegedly erroneous ruling by the court. *Id.* "Once a federal plaintiff seeks to bring a forbidden de facto appeal, . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." *Id.* at 1158.

Here, although Plaintiffs claim that their TAC "does not seek to alter or challenge any state-court judgment," Plaintiffs' claims are primarily related to an unlawful detainer action originating in Sacramento County Superior Court. (*See* ECF No. 28 at 1.) A ruling in Plaintiffs' favor would necessarily disturb the state court ruling, violating the *Rooker-Feldman* doctrine. *See Jayaton-Kerry v. Cooper*, 2024 WL 216265, at *8 (E.D. Cal. Jan. 19, 2024.) To the extent Plaintiffs' claims are based on the unlawful detainer case, they are barred by the *Rooker-Feldman* doctrine. Accordingly, Plaintiffs have failed to state a claim.

### b.  **Fair Housing Act**

#### i.  **Discrimination Claims**

Plaintiffs allege Defendants engaged in discrimination during their tenancy under the Fair Housing Act. (ECF No. 28 ¶¶ 87-88.) The Fair Housing Act states that "[i]t is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. Thus, it is unlawful to "refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). The Fair Housing Act also makes it illegal "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person[.]" 42 U.S.C. § 3604(f)(2). "Familial status" is defined as "one or more individuals (who have not attained the age of 18 years) being domiciled with . . . a parent or another person having legal custody of such individual or individuals." 42 U.S.C. § 3602(k)(1).

To establish a prima facie claim for discrimination under the Fair Housing Act, a plaintiff must demonstrate that: (1) plaintiff's rights are protected under the Fair Housing Act; and (2) "as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999).

4

Plaintiffs fail to state a prima facie claim for discrimination. Plaintiffs allege that they are "members of a protected class," under the Fair Housing Act, but fail to plead any additional facts. (ECF No. 24 at ¶ 88.) Further, Plaintiffs also fail to state that Defendants engaged in discriminatory conduct in light of Plaintiffs' protected status. *Id*. at ¶ 91. Instead, Plaintiffs make conclusory allegations that Defendants' conduct "was… carried out with reckless disregard for Plaintiffs' federally protected rights." *Id*. The Court dismisses Plaintiffs' discrimination claim under the Fair Housing Act.

### ii.  Retaliation Claims

Plaintiffs also allege that Defendants retaliated against them in violation of the Fair Housing Act. *Id*. at ¶ 90. The FHA prohibits retaliating against a person for exercising rights protected by the Fair Housing Act. *See* 42 U.S.C. § 3617. To successfully bring a retaliation claim under the FHA, a plaintiff must show that (1) she engaged in a protected activity, (2) an adverse housing consequence is causally linked to that activity, and (3) there was resulting damage. *See San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998). "In the context of a § 3617 claim, that adverse action must be in the form of coerc[ion], intimidate[ion], threat[s], or interfere[nce]." *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001) (alteration in original) (citation omitted).

Plaintiffs allege they engaged in protected rights under 42 U.S.C. § 3617 by "exercis[ing] their rights to dispute discriminatory treatment, request corrections to billing records, and seek administrative relief through HUD and CRD." (ECF No. 28 at ¶ 90.) Plaintiffs allege they filed an administrative inquiry to the United States Department of Housing and Urban Development ("HUD") on August 29, 2025. *Id*. at ¶ 70. "Filing a housing discrimination complaint with a governmental agency pursuant to the FHA is protected activity under the Act." *Thomas v. San Francisco Housing Authority*, 2018 WL 1184762, *8 (N.D. Cal. Mar. 7, 2018.) However, Plaintiffs' inquiry was filed weeks after Defendants' alleged retaliation took place. *Id*. at ¶ 89. Plaintiffs' additional allegations are conclusory to the extent they allege a causal link between Defendants' retaliation and Plaintiffs' alleged requests for correction to billing records and exercise of rights to dispute discriminatory treatment. The Court dismisses Plaintiffs' retaliation

claims.

### c.  RICO and RICO Conspiracy Claims

Plaintiffs bring a claim under 18 U.S.C. § 1962(c), which makes it unlawful for any person associated with an alleged racketeering enterprise "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity[.]" 18 U.S.C. § 1962(c). To state a civil claim for violations of § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citation omitted). Although RICO itself is not subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standards, predicate acts alleging fraud must be pleaded with particularity. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir.2004). At a minimum, this requires that the complaint must "state the time, place and specific content of the false representation as well as the identities of the parties to the misrepresentation." *Id.* The plaintiff must also set forth more than neutral facts necessary to identify the transaction; he must explain why the statement complained of was false or misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994) (superseded by statute on other grounds).

The TAC alleges predicate acts in the form of wire fraud, mail fraud, extortion, and obstruction of justice. (ECF No. 28 ¶ 48.) Because Plaintiffs fail to sufficiently allege predicate acts, the Court will not analyze their RICO claims further.

### i.  Wire and Mail Fraud

To plead a claim of wire or mail fraud, a plaintiff must allege "(1) the formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or fraud." *Sanford v. MemberWorks, Inc.,* 625 F.3d 550, 557 (9th Cir. 2010). In alleging fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud…" Fed. R. Civ. P. 9(b). "The only aspects of wire [or mail] fraud that require particularized allegations are the factual circumstances of the fraud itself." *Sanford*, 625 F.3d at 557 (quoting *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007)).

6

The TAC fails to state a claim for wire or mail fraud. Plaintiffs allege Defendants conveyed false records of nonpayment, created a falsified ledger including "unauthorized or inflated fees," and communicated fraudulent rent status and court filings in a subsequent unlawful detainer action as well as a declaration of non-compliance to recover unpaid rent. (ECF No. 28 ¶¶ 29, 31-32, 37.) Merely identifying actions Defendants took that Plaintiffs allege were fraudulent, and therefore not within Defendants' usual business transactions, does not suffice to state a claim. *See Shaw v. Nissan N. Am., Inc.*, 220 F. Supp. 3d 1046, 1056 (C.D. Cal. 2016) (conclusory allegations that defendants "shared a common fraudulent purpose" in taking certain actions did not satisfy the common purpose requirement and failed to suggest more than ordinary business activity); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prod. Liab. Litig.*, 826 F. Supp. 2d 1180, 1202-03 (C.D. Cal. 2011) (no claim stated because "the SAC alleges no more than that Defendants' primary business activity… was conducted fraudulently").

Plaintiffs' additional wire fraud allegations regarding the signed stipulation are contradicted by the exhibit provided in the TAC. Plaintiffs allege they entered into a written lease agreement "that explicitly caps recoverable attorney's fees at $2,000 in any unlawful detainer or enforcement proceeding." (ECF No. 28 ¶ 35.) Upon review of the attorneys' fees clause in the attached exhibit, it states "attorney's fees awarded by a court may not exceed that amount." (ECF No. 28-1 at 110). This clause contradicts Plaintiffs' allegations of a cap on attorney's fees. (ECF No. 28 at ¶ 35.) *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."); *see also, Nedd v. Bird*, 2024 WL 1198732, at *8 (E.D. Cal. Mar. 20, 2024). Therefore, the Court finds Plaintiff has failed to plead predicate acts regarding wire and mail fraud.

### ii.  Extortion

The TAC alleges extortion as another predicate act. The Hobbs Act criminalizes interference with interstate commerce by extortion, 18 U.S.C. § 1951(a), with extortion being defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right," 18 U.S.C. §

1951(b)(2). In order for a state offense to qualify as a predicate act in a RICO suit it must be "capable of being generically classified as extortionate ... [which is] defined as 'obtaining something of value from another with his consent induced by wrongful use of force, fear, or threats.'" *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003). Plaintiffs allege receiving an email from Defendant Flores stating "[i]f we do not have payment by end of day in cashier's check or money order, we will be sending over the eviction for immediate lock-out." (ECF No. 28 ¶¶ 40, 98.) Plaintiffs' allegation is conclusory and fails to plead a predicate act.

### iii.  Obstruction of Justice

The TAC finally alleges obstruction of justice is a predicate act for a RICO action. *Id*. at ¶¶ 34, 37, 42. All of Plaintiffs' obstruction of justice allegations refer to a state proceeding, which is outside of the scope of 18 U.S.C. § 1503. *See O'Malley v. New York City Transit Authority*, 896 F.2d 704, 708 (2nd Cir. 1990) ("[c]ongress not only included obstruction of justice by reference to a specific section… which expressly is limited to federal court proceedings… but it also failed to include obstruction of justice as one of the generic state law crimes…"). Therefore, Plaintiffs fail to plead a predicate act under obstruction of justice.

### iv.  RICO Conspiracy

The FAC fails to plead the elements of a civil RICO violation. Accordingly, any RICO conspiracy claim also necessarily fails. *See Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n.8 (9th Cir. 1992) ("Because we find that [the plaintiff] has failed to allege the requisite substantive elements of RICO, the conspiracy cause of action cannot stand."). Plaintiffs' RICO conspiracy claims must be dismissed.

### d.  Obstruction of Justice Claims

Plaintiffs bring a standalone obstruction of justice claim, as they did in the FAC. (ECF No.  28 ¶¶ 119-127.) As stated in the Court's previous order, 18 U.S.C. § 1503 is a federal criminal statute that makes it a crime for a person who "corruptly, or by threats of force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any . . . juror, or officer in or of any court[,]" There is no private right of action for violation of a criminal statute, which means that Plaintiffs, as private citizens, cannot bring a claim pursuant to 18 U.S.C.

§ 1503. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("The obstruction of justice claim under 18 U.S.C. § 1503 is . . . futile because 18 U.S.C. § 1503 is a criminal statute that does not provide for a private cause of action."). Accordingly, Plaintiffs' standalone obstruction of justice claims must be dismissed.

### e. Fourteenth Amendment Due Process Claims

#### i. 1983 and 1985 Claims

Plaintiffs fail to state a Due Process or Equal Protection claim under the Fourteenth Amendment and therefore fail to state a civil rights conspiracy claim under 42 U.S.C. § 1985(3).

To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Private individuals may be found to have acted under the color of state law "where there is 'significant' state involvement in the action." *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983) Courts start with the presumption that private conduct does not constitute governmental action, and a plaintiff bears the burden of establishing state action. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). "The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). The Court make its analysis under the joint action test.

Under the joint action test, the court considers whether "the state has so far insinuated itself into a position of interdependence with a private entity that it must be recognized as a joint participant in the challenged activity. This occurs when a state knowingly accepts benefits from unconstitutional behavior." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003).

Plaintiffs allege that Defendants acted in concert with the Sacramento County Sheriff's Office and state court officers to execute an unlawful lock-out on Plaintiff's property. (ECF No. 28 ¶ 130.) Plaintiffs further allege Defendants "procured and enforced a writ of possession

9

obtained through falsified evidence… directed the Sheriff to carry out a lockout while an appeal and stay were pending… filed, served, and relied on false declarations and notices…" *Id*. at ¶ 131. Conclusory, unsupported, and/or implausible allegations are insufficient to establish state action. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008); *Augustus v. Cnty. of Los Angeles*, No. 2:20-CV-11255-FLA-RAO-X, 2023 WL 2799117, at *7 (C.D. Cal. Mar. 24, 2023) (complaint failed to plead facts sufficient to show defendants were joint actors with the County based on allegations that they participated with the County in the unwarranted seizure and taking of a minor child by making false reports, failing to serve notice of a guardianship hearing, and making false representations to the court) (aff'd, No. 23-55312, 2024 WL 743783 (9th Cir. Feb. 23, 2024)). Plaintiffs additionally fail to allege that the state "knowingly accepted benefits" from the unconstitutional behavior. *Kirtley*, 326 F.3d at 1093. Therefore, Plaintiffs have failed to plead that Defendants have acted under the color of state law, and their 1983 claim fails as well as their 1985(3) claim. *See Katzman v. Los Angeles County Metropolitan Transportation Authority*, 72 F.Supp.3d 1091, 1108 (N.D. Cal. 2014) ("However, because conspiracy is not itself a tort under § 1983, a claimed conspiracy to violate § 1983 must always have an underlying constitutional violation. Therefore, if plaintiffs' underlying § 1983 violation is deficient, any alleged conspiracy… is precluded."). Therefore, the Court dismisses Plaintiffs' 1983 and 1985(3) claims.

### ii. Plaintiffs' Requests for Declaratory Relief

Plaintiff further alleges three requests for declaratory and injunctive relief: one for "ongoing constitutional violations," one for "federal oversight and constitutional protection, and another for "federal oversight and procedural protection." (ECF No. 28 ¶¶ 150-166.) Each fails because Plaintiffs fail to properly plead significant state involvement.

Plaintiffs' request for declaratory and injunctive relief for ongoing constitutional violations allege they "acted under the color of state law" and disseminated "false court/credit records and threats of renewed eviction." *Id*. at ¶ 151. Plaintiffs' allegations are conclusory, fail to allege a constitutional right being violated, and fail to allege state involvement, since all Defendants are private individuals or entities. Therefore, the Court denies Plaintiffs' request.

Plaintiffs' second request for declaratory and injunctive relief alleges that Defendants continued to engage in "maintaining and disseminating false court and credit records," use the allegedly fraudulent records to "obstruct Plaintiffs' housing, educational, and professional opportunities," and to threaten renewed legal action. *Id*. at ¶ 156. Plaintiffs allege state involvement through alleging Defendants have continued "to invoke and utilize state processes and officials… to perpetuate the effects of prior constitutional violations." *Id*. at ¶ 157. Plaintiffs' request fails as their 1983 claim fails. Their allegations are conclusory, fail to demonstrate the extent of Defendants' involvement with state actors, and fail to outline whether their constitutional rights have been violated by these actions. The Court denies Plaintiffs' request.

Finally, Plaintiffs' third request for declaratory and injunctive relief alleges "repeated misuse of judicial of law enforcement processes," and allege joint participation with state officers filing a "false writ of possession through state court," directing the Sacramento County Sheriff's Office to perform an eviction while an appeal and stay were pending, and retaliation. *Id*. at ¶¶ 162-163. As above, Plaintiffs' allegations are conclusory and fail to demonstrate significant state involvement to allege a 1983 claim. Accordingly, the Court denies Plaintiffs' request.

### f. **Conclusion**

The TAC fails to state a federal claim for relief and will be dismissed. Due to the claims being barred by *Rooker-Feldman* doctrine, and Plaintiffs' continued pleading defects, the Court determines that it is futile to amend the Complaint a fourth time and recommends dismissal without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Accordingly, it is HEREBY RECOMMENDED that:

1. The TAC (ECF No. 28.) be DISMISSED without leave to amend; and

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11

shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: 04/20/26

_____

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, west25cv2364