UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASYA WESTON, et al.,

Plaintiffs,

v.

WIP 800 J LOFTS, et al.,

Defendants.

No. 2:25-cv-02364-DJC-CKD

ORDER

Plaintiffs Asya Weston and Corinne Marshall are proceeding pro se in this suit against Defendants. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 21, 2026, the Magistrate Judge filed findings and recommendations (ECF No. 35), which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days. On May 8, 2026, Plaintiffs were granted an extension of time until May 12, 2026, to file objections. On May 14, 2026, Plaintiffs were granted a second extension of time until May 26, 2026, to file objections. On June 4, 2026, Plaintiffs filed untimely

objections to the findings and recommendations. (ECF No. 41.) Despite being untimely, the Court has considered all objections raised.

In accordance with 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review. The Court construes the Complaint liberally because Plaintiffs are representing themselves. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."). After careful review of the file, including Plaintiffs' objections, the Court holds the findings and recommendations regarding Plaintiffs' failure to state a claim to be supported by the record and the Magistrate Judge's analysis. However, on review, the Court finds that the Plaintiffs' claims are not barred by the *Rooker-Feldman* doctrine.

In the Ninth Circuit's recent decision in *Miroth v. County of Trinity*, the court reaffirmed the narrow scope of the *Rooker-Feldman* doctrine. 136 F.4th 1141 (9th Cir. 2025). The *Miroth* court held that the jurisdictional limit recognized by this doctrine "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Id.* at 1151 (emphasis in original) (citations omitted). Further, the *Rooker-Feldman* doctrine does not bar jurisdiction when the claim is based on "an allegedly illegal act or omission by an adverse party" in procuring the state court judgement. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013); see also *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir. 2004) ("Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud.").

Although Plaintiffs seek relief partially designed to remedy injuries suffered from a state court judgment, their claims in the operative complaint mainly concern the alleged wrongful acts by Defendants that prevented Plaintiffs from presenting their case in court, including conveyance of falsified ledgers to the court and misrepresentation of lease terms in settlement negotiations. (*See* TAC (ECF No. 28)

¶¶ 31, 34–37, 119–37.) Plaintiffs also bring claims of statutory and constitutional violations separate and apart from the state court judgment, including Fair Housing Act violations and deprivation of Due Process and Equal Protection. (See *id.* ¶¶ 86–118; 150–66.) "Without a direct challenge to a state court's factual or legal conclusion, Plaintiffs' suit is not a forbidden de facto appeal, and *Rooker–Feldman* is inapplicable." *Bell*, 709 F.3d at 897. As such, *Rooker-Feldman* does not properly apply to these claims.

Nevertheless, for the reasons stated by the Magistrate Judge, Plaintiffs have failed to alleged sufficient facts to state a claim. In the Complaint, the allegations are almost exclusively conclusory, and the factual allegations that exist do not successfully state a cause of action. For example, Plaintiffs allege Fair Housing Act violations that include discrimination and retaliation for protected activity. (TAC ¶ 86–93.) Aside from stating they are "members of a protected class," under the Fair Housing Act, (*id.* ¶ 88), and that Plaintiff Westin "is a Black single mother and was treated differently than similarly situated tenants," (*id.* at 38), there are no allegations regarding the alleged discrimination or similarly situated tenants. Further, the facts alleged are insufficient for the court to plausibly infer a causal link between Plaintiffs' protected acts and Defendants' alleged retaliation. For example, the complaint to the Department of Housing and Urban Development that Plaintiffs refer to as protected activity was filed on August 29, 2025, after the alleged retaliatory lockout on August 7, 2025. (*Id.* at 2, 14, 17.)

Given the "continued pleading defects" and the number of amendments that the Magistrate Judge has provided, the Court agrees with the Magistrate Judge that it is futile to amend the Complaint a fourth time. (ECF No.35.) Accordingly, Plaintiffs' claims must still be dismissed as presented without leave to amend.

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 21, 2026 (ECF No. 35) are ADOPTED IN PART and DENIED IN PART as stated above;
2. The Third Amended Complaint (ECF No. 28) is DISMISSED without leave to amend; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 30, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC11 – west25cv2364.JO.obj